United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PING QIU,

              Plaintiff,

v.

MICHAEL CHERTOFF, et al.,

              Defendants.

NO. C07-0578 TEH

ORDER DENYING DEFENDANTS' MOTION TO DISMISS

       This matter comes before the Court on Defendants' motion to dismiss the complaint for lack of jurisdiction and failure to state a claim. After carefully reviewing the parties' papers, including Defendants' late-filed reply, the Court has determined that this motion is suitable for decision without oral argument. For the reasons discussed below, the Court concludes that it has jurisdiction over this case and therefore DENIES Defendants' motion.

**BACKGROUND**

       Plaintiff Ping Qiu is a native and citizen of China who has been in the United States since August 1999, first as a graduate student and subsequently as a software engineer. On September 24, 2004, he and his wife, Jie Su, submitted I-485 applications to the United States Citizenship and Immigration Services ("USCIS") to adjust their status to that of a permanent resident. USCIS received those applications on September 27, 2004. Qiu complied with a request to provide fingerprints, and the results of the fingerprint review show no records against Qiu.

       Qiu has made numerous formal and informal requests to expedite his application, but to no avail. USCIS states that it cannot proceed with processing Qiu's application until after it receives the results of a "name check" inquiry from the Federal Bureau of Investigations ("FBI"). USCIS claims to have sent Qiu's name to the FBI for a name check in September

1  2004 but, over two-and-one-half years later, has not yet received the results. Although
2  USCIS has a policy allowing for requesting expedited name checks, Qiu does not meet any
3  of these criteria, which include, for example, military deployment, critical medical
4  conditions, or loss of Social Security benefits.

5  Qiu filed this action on January 29, 2007, twenty-eight months after submitting his
6  I-485 application to USCIS. He does not ask that the Court grant his application on the
7  merits; instead, he seeks only an order from the Court compelling USCIS to act on his
8  application one way or the other.

## LEGAL STANDARD

11  Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a
12  plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P.
13  12(b)(6). In evaluating the sufficiency of a complaint's allegations, a court must assume the
14  facts alleged in the complaint to be true unless the allegations are controverted by exhibits
15  attached to the complaint, matters subject to judicial notice, or documents necessarily relied
16  on by the complaint and whose authenticity no party questions. *Lee v. City of Los Angeles*,
17  250 F.3d 668, 688-89 (9th Cir. 2001). A court should not grant dismissal unless the plaintiff
18  has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell*
19  *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Moreover, dismissal should be
20  with leave to amend unless it is clear that amendment could not possibly cure the complaint's
21  deficiencies. *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1296 (9th Cir. 1998).

22  Defendants also seek dismissal of this case under Federal Rule of Civil Procedure
23  12(b)(1). Because Defendants do not seek to rely on any external facts, this is a facial rather
24  than factual challenge to the court's jurisdiction. *See Wolfe v. Strankman*, 392 F.3d 358, 362
25  (9th Cir. 2004) (distinguishing between facial and factual jurisdictional attacks).
26  Consequently, this Court applies a similar standard to the government's Rule 12(b)(1) motion
27  as to its Rule 12(b)(6) motion: Dismissal is appropriate only if the complaint's allegations,
28  which are assumed to be true, are insufficient to support a finding of jurisdiction. *Id.*

2

**DISCUSSION**

The government contends that the Court lacks jurisdiction over this case, and that Qiu has failed to state a claim, because Defendants do not owe Qiu a non-discretionary duty to process his I-485 application in a timely manner. In particular, Defendants rely on 8 U.S.C. § 1255(a), which provides that, "[t]he status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." Additionally, Defendants rely – albeit only in their reply – on 8 U.S.C. § 1252(a)(2)(B), which provides that:

> no court shall have jurisdiction to review –
>
> (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

No Supreme Court or Ninth Circuit authority answers the jurisdictional question raised by Defendants. Several district courts have agreed with Defendants that the timeliness of the government's actions in adjudicating an I-485 application is not subject to district court review because such actions are discretionary.[1] However, some of these courts' decisions are internally inconsistent in that they conclude that courts do not have jurisdiction to review the reasonableness of the pace of processing I-485 applications as long as the agency "is making reasonable efforts," thereby implying that a court does have some authority to review the reasonableness of the agency's efforts. *Li*, 482 F. Supp. 2d at 1178; *see also Safadi*, 466 F. Supp. 2d at 700 (distinguishing case from one "where the delay was so unreasonable as to be tantamount to a refusal to process the application," implying that courts must give some consideration to the reasonableness of the delay before determining

---

[1] *E.g.*, *Li v. Chertoff*, 482 F. Supp. 2d 1172, 1177-78 (S.D. Cal. 2007); *Safadi v. Howard*, 466 F. Supp. 2d 696, 698-700 (E.D. Va. 2006); *Zheng v. Reno*, 166 F. Supp. 2d 875, 879-81 (S.D.N.Y. 2001).

3

whether it has jurisdiction to review the pace of the agency's efforts).  Moreover, other district courts have rejected Defendants' position,[2] including all ten judges in this district who have considered the question in citable decisions – the vast majority of which involved allegations materially indistinguishable from Qiu's: namely, that an I-485 application remained unadjudicated due to a pending FBI name check.[3]

This Court now joins its sister courts in this district in rejecting Defendants' jurisdictional challenge.  Although Defendants have discretion over whether to grant or deny Qiu's application for adjustment of status under I-485, they have a non-discretionary duty to act on that application within a reasonable time.  *E.g.*, *Yu v. Chertoff*, 2007 WL 1742850, at *3.  Defendants' reliance on 8 U.S.C. § 1252(a)(2)(B) is misplaced because that provision, "by its use of the terms 'judgment' and 'decision or action', only bars review of actual discretionary decisions to grant or deny relief under the enumerated sections, including section 1255." *Iddir v. INS*, 301 F.3d 492, 496 (7th Cir. 2002).  Here, Qiu does not challenge a discretionary decision or judgment regarding his I-485 application, and 8 U.S.C. § 1252(a)(2)(B) is therefore inapplicable.  *Fu*, 2007 WL 1742376, at *4-5; *Duan*, 2007 WL 626116, at *2.  In addition, "asserting that the USCIS is awaiting the results of an FBI name

---

[2] *E.g.*, *Elmalky v. Upchurch*, Case No. 3:06-CV-2359-B, 2007 WL 944330, at *3-6 (N.D. Tex. Mar. 28, 2007); *Duan v. Zamberry*, Case No. 06-1351, 2007 WL 626116, at *2-3 (W.D. Pa. Feb. 23, 2007); *Paunescu v. INS*, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999); *Yu v. Brown*, 36 F. Supp. 2d 922, 931-32 (D.N.M. 1999).

[3] *Yu v. Chertoff*, No. C06-7878 CW, 2007 WL 1742850, at *2-3 (N.D. Cal. June 14, 2007) (finding jurisdiction where I-485 application remained pending due to incomplete FBI name check); *Quan v. Chertoff*, No. C06-7881 SC, 2007 WL 1655601, at *2-4 (N.D. Cal. June 7, 2007) (same); *Fu v. Gonzales*, No. C07-0207 EDL, 2007 WL 1742376, at *2-6 (N.D. Cal. May 22, 2007) (same); *Baker v. Still*, No. C06-7456 MEJ, 2007 WL 1393750, at *1-2 (N.D. Cal. May 9, 2007) (same); *Dmitriev v. Chertoff*, No. C06-7677 JW, 2007 WL 1319533, at *2-3 (N.D. Cal. May 4, 2007) (same); *Wu v. Chertoff*, No. C06-7880 SI, 2007 WL 1223858, at *3 (N.D. Cal. Apr. 25, 2007) (same); *Gelfer v. Chertoff*, No. C06-6724 WHA, 2007 WL 902382, at *2-3 (N.D. Cal. Mar. 22, 2007) (same); *Singh v. Still*, 470 F. Supp. 2d 1064, 1067-68 (N.D. Cal. 2007) (same, and also granting summary judgment to petitioner after finding government delay to be unreasonable); *Razaq v. Poulos*, No. C06-2461 WDB, 2007 WL 61884, at *3-4 (N.D. Cal. Jan. 8, 2007) (finding jurisdiction to review delay in processing I-130 application); *Aboushaban v. Mueller*, No. C06-1280 BZ, 2006 WL 3041086, at *1-2 (N.D. Cal. Oct. 24, 2006) (finding jurisdiction to review delay in processing I-485 application and granting plaintiff's motion for summary judgment where FBI name check was already completed).  An eleventh judge reached the same result in two cases but designated his orders as not for publication.

check does not explain why [Qiu's] application has been stagnant for the past [three] years," and this assertion is therefore insufficient "to show that the delay of [Qiu's] application is reasonable as a matter of law" and establish that Qiu has failed to state a claim for relief. *Gelfer*, 2007 WL 902382, at *2.

Finally, the Court notes that Defendants, in a footnote in their reply brief, also argue that all Defendants other than Michael Chertoff, in his capacity as Secretary of the Department of Homeland Security, should be dismissed from this case. While there is some precedent for such dismissals, *Dmitriev v. Chertoff*, 2007 WL 1319533, at *4, the Court declines to consider an argument raised for the first time in the reply brief because to do so would deprive Qiu of an opportunity to respond.

**CONCLUSION**

In sum, for the reasons discussed above, and in line with all other courts in this district to have considered similar motions, this Court DENIES Defendants' motion to dismiss for lack of jurisdiction and failure to state a claim. The Court agrees with Defendants, however, that Qiu's arguments regarding the reasonableness of the delay in this case are premature and not properly considered on this motion to dismiss.

IT IS FURTHER ORDERED that, due to the Court's unavailability, the initial case management conference shall be continued from August 6, 2007, to **August 13, 2007, at 1:30 PM.** The parties shall appear at that time to discuss how to proceed with this case and shall meet and confer and file a joint case management statement on or before **August 6, 2007.**

**IT IS SO ORDERED.**

Dated:  06/25/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5